UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBIN OWENS,

      Plaintiff,

v.                                Case No. 8:25-cv-3532-KKM-LSG

ANGELA WALDON,

      Defendant.

_____

## ORDER

Robin Owens sues Angela Waldon for exploitation of an elderly person, civil theft, and other claims related to Waldon's alleged "systematic financial exploitation of [Owens]" throughout the parties' decade-plus romantic relationship. Am. Compl. (Doc. 6). Waldon moves to dismiss all claims based on res judicata or, in the alternative, for judgment on the pleadings as to Owens's civil theft claim. Mot. (Doc. 12). Owens opposes. Resp. (Doc. 15). For the following reasons, I grant in part and deny in part Waldon's motion.

## I.    BACKGROUND

Robin Owens is "a 68-year-old elderly person and vulnerable adult," who alleges that "[o]ver more than a decade, [Waldon] cultivated a romantic relationship with [Owens] and positioned herself as [Owens's] trusted financial advisor" to "exploit[] that trust to acquire multiple properties using [Owens's]

savings, credit, and home equity—while concealing ownership arrangements, diverting rental income, and blocking [Owens's] access to financial records." Am. Compl. at 1. According to Owens, the fifty-two-year-old Waldon has obtained more than $1,000,000 in property assets in Florida and Colorado. *Id.* at 1–2, 13. Owens brings claims under Florida law for exploitation of an elderly person, civil theft, conversion, breach of fiduciary duty, fraudulent misrepresentation, and unjust enrichment.[1] *Id.* ¶¶ 62–83, 98–100.

Owens first sued Waldon in the Middle District of Florida on November 6, 2025, alleging substantially the same "systematic scheme of financial exploitation perpetrated by . . . Waldon." *See Owens v. Waldon*, No. 8:25-cv-3052-JLB-LSG (M.D. Fla. Nov. 6, 2025), Dkt. No. 1 at 1. The next day, Judge Badalamenti struck Owens's complaint as an impermissible shotgun pleading with leave for Owens to amend her complaint within thirty days. *See id.* Dkt. No. 5. at 2. Owens did not file an amended complaint, and her case was dismissed. *See id.* Dkt. No. 12 (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626,

---

[1] Owens lists in separate counts her requests for the rescission of quitclaim deeds on the Florida properties, a constructive trust, injunctive relief, equitable accounting, and partitions of interest on the Florida and Colorado properties. Am. Compl. ¶¶ 84–97, 101–132. Except for rescission, these constitute requested remedies, not independent causes of action. *See, e.g.*, *Alabama v. U.S. Army Corps of Eng'rs*, 424 F.3d 1117, 1127 (11th Cir. 2005) (explaining that a request for an equitable remedy "must be based upon a cause of action"); *but see Ahern v. Fidelity Nat. Title Ins. Co.*, 664 F. Supp. 2d 1224, 1229 (M.D. Fla. 2009) ("Although Florida's courts have muddied the waters by confusing the law of remedies with underlying causes of action, a claim for 'rescission' is well-recognized under Florida law.").

630–31 (1962) ("The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.")). The order of dismissal did not state whether it was with or without prejudice. *See id.*

Shortly thereafter, Owens filed the present action against Waldon. *See* Am. Compl. In her required Notice of Related Action form, Owens certified that the present case "is not related to any pending or closed civil . . . case filed with this Court." (Doc. 9); *see also* Local Rule 1.07(c). Waldon moves to dismiss Owens's claims as barred by res judicata, or alternatively for judgment on the pleadings on the civil theft claim.[2] *See* Mot.

## II. LEGAL STANDARDS

"To survive a motion to dismiss" under Rule 12(b)(6), a plaintiff must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a "plaintiff pleads factual

---

[2] Although Waldon purports to bring her motion as one for judgment on the pleadings, "Rule 12(c) does not come into play until '[a]fter the pleadings are closed,' " i.e., when the defendant has answered. *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F.3d 1293, 1295 n.8 (11th Cir. 2002) (quoting FED. R. CIV. P. 12(c)). Waldon has not yet answered the complaint. Because a Rule 12(c) motion would be premature, I construe Waldon's motion as a motion to dismiss under Rule 12(b)(6), which requires the same standard. *See id.*

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's factual allegations are accepted "as true" and construed "in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008).

"Although *res judicata* is not a defense under Rule 12(b), and generally should be raised as an affirmative defense under Rule 8(c), FED. R. CIV. P., it may be raised in a Rule 12(b)(6) motion where the existence of the defense can be determined from the face of the complaint." *Solis v. Glob. Acceptance Credit Co.*, 601 F. App'x 767, 771 (11th Cir. 2015) (per curiam) (citing *Concordia v. Bendekovic*, 693 F.2d 1073, 1075 (11th Cir. 1982)). "When a prior action is brought in diversity in federal court, the federal law of res judicata governs in a second suit brought in diversity." *Com. Box & Lumber Co. v. Uniroyal, Inc.*, 623 F.2d 371, 373 (5th Cir. 1980);[3] *accord Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990). Under federal common law, a prior decision prevents plaintiffs from bringing related claims "when the prior decision (1) was rendered by a court of competent jurisdiction; (2) was final; (3) involved the same parties or their privies; and (4) involved the same causes of

---

[3] The Eleventh Circuit adopted as binding precedent all decisions rendered by the United States Court of Appeals for the Fifth Circuit prior to September 30, 1981. *See Bonner v. City of Pritchard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

action." *Rodemaker v. City of Valdosta Bd. of Educ.*, 110 F.4th 1318, 1324 (11th Cir. 2024) (citation modified).

## III.   ANALYSIS

Waldon first argues that Owens's complaint must be dismissed because the prior dismissal of Owens's action—which included effectively the same claims—operated as an adjudication on the merits. *See* Mot. at 6–10. In the alternative, Waldon moves to dismiss Owens's civil theft claim for failure to comply with Florida's pre-suit notice requirement. *Id.* at 10–13.

### A. Res Judicata

There is no dispute that Owens's previous action in the Middle District of Florida was rendered by a court of competent jurisdiction, involved the same parties, and involved substantially the same claims arising out of the same operative of nucleus of fact. *See Rodemaker*, 110 F.4th at 1324; *see also Resp.* at 1–2. Instead, the parties debate only whether the prior dismissal for failure to prosecute operated as a final adjudication on the merits for res judicata purposes. Waldon says yes; Owens says no.

To be sure, at first glance both *Link v. Wabash* and Federal Rule of Civil Procedure 41(b) appear to support Waldon's position. Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." FED. R. CIV. P. 41(b). And "[u]nless the dismissal order states otherwise, a dismissal

under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—*operates as an adjudication on the merits*." *Id.* (emphasis added). *Link* also recognized the "inherent power" of courts to order such dismissals with prejudice, rejecting an argument that "by negative implication, [Rule 41(b)] prohibits involuntary dismissals for failure of the plaintiff to prosecute except upon motion by the defendant." 370 U.S. at 630 (citation modified). But *Link* did not squarely answer whether a dismissal under a court's inherent authority, rather than Rule 41(b), defaults to an adjudication on the merits. *See id.* at 637 n.1 (Black, J., dissenting) (suggesting that the different sources of authority could drive different results when dismissal does not specify whether it is with or without prejudice); *cf. Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (noting that many "decisions elide this neat distinction" between Rule 41(b) and inherent power).

"This much, however, is clear: a dismissal *with prejudice*, whether on motion or *sua sponte*, is an extreme sanction that may be properly imposed *only* when: '(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice.' " *Betty K Agencies*, 432 F.3d at 1337–38 (quoting *World Thrust Films, Inc. v. Int'l Fam. Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) (per curiam)); *see Riddell v. Florida*, 702 F. App'x 869, 871 (11th Cir.

6

2017) (per curiam) ("Because [the plaintiff] failed to respond to the district court's reasonable order, the court acted within its discretion in dismissing the action without prejudice, even though no extreme circumstances were present which would warrant dismissal with prejudice."). Additionally, "the harsh sanction of dismissal with prejudice is thought to be more appropriate in a case where a party, as distinct from counsel, is culpable." *Betty K Agencies*, 432 F.3d at 1338.

Here, although Owens failed to file an amended complaint in line with the court's order, nothing suggests that the district court found "a clear record of delay or willful conduct and that lesser sanctions [were] inadequate to correct such conduct." *Id.* at 1339. Absent those findings—or any independent evidence of such conduct—treating the dismissal of Owens's claims as with prejudice would be "plainly improper."[4] *Id.* Accordingly, I conclude that Judge Badalamenti's previous dismissal of Owens's claims was without prejudice and thus does not qualify as a final adjudication on the merits. *See Hughes v. Lott*, 350 F.3d 1157, 1161 (11th Cir. 2003) ("A dismissal without prejudice is not an adjudication on the merits and thus does not have *res judicata* effect.").

---

[4] Waldon suggests such conduct by Owens here, claiming that Owens "implicitly committed a fraud upon this Court by explicitly indicating to the same that no related pending or closed civil or criminal case has been filed with this Court." Mot. at 7 n. 1. While I agree that, per the language of the form, Owens should have disclosed the previous action, I disagree that her failure to do so permits treating the previous action as having been adjudicated on the merits.

**B. Civil Theft**

Next, Waldon avers that Owens's civil theft claim fails because Owens did not provide Waldon with thirty-day pre-suit notice, as required by § 772.11(1), Florida Statutes. Mot. at 11. Owens responds that full compliance with the statute would have been futile, that she substantially complied by sending notice simultaneously with the complaint, and that "equity demands flexibility." Resp. at 3–5.

Both parties assume that the pre-suit notice requirement applies in federal court, although neither party addresses whether the requirement is substantive or procedural. But that distinction proves critical when, as here, no Federal Rule of Civil Procedure is on point.[5] *See Berk v. Choy*, 607 U.S. ____,

---

[5] To the extent that other federal courts have held that statutory pre-suit notice requirements conflict with Federal Rules 3, 8, 11, or 12, I am not persuaded. *See Albright v. Christensen*, 24 F.4th 1039, 1046–48 (6th Cir. 2022); *Pledger v. Lynch*, 5 F.4th 511, 518–20 (4th Cir. 2021). State law and the Federal Rules only conflict "when fairly construed, the scope of [the Federal Rule] is sufficiently broad to cause a direct collision with the state law, or, implicitly, to control the issue before the court, thereby leaving no room for the operation of that law." *Burlington N. R. Co. v. Woods*, 480 U.S. 1, 4–5 (1987) (citation modified); *see Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 398 (2010) ("We must first determine whether [the Federal Rule] answers the question in dispute."). But here, "none of the Federal Rules governs conduct prior to the commencement of an action." *Albright*, 24 F.4th at 1049 (Siler, J., concurring in part and dissenting in part); *cf. Berk*, 2026 WL 135974, at *4 n.2 ("Rule 3 establishes what happens *once a complaint is filed*") (emphasis added). Reading the Federal Rules to govern such conduct "stretches *Shady Grove* past its intended context in a way that unnecessarily impairs the ability of a state to perform a function the Tenth Amendment guarantees—implement requirements for state-law causes of action." *Pledger*, 5 F.4th at 530 (Quattlebaum, J., concurring in part and dissenting in part).

8

No. 24-440, 2026 WL 135974, at *3 (Jan. 20, 2026) (explaining that where the Federal Rules of Civil Procedure are silent, "[t]he Rules of Decision Act directs federal courts to apply state substantive law, leaving federal law to cover the rest"). Thus, I must decide that question before turning to the merits of the parties' arguments.

"A state law is substantive if (1) it is outcome determinative, and (2) failing to apply it in federal court would promote forum shopping and the inequitable administration of the law." *Id.* Both are true here, where a plaintiff's failure to provide notice (and allege the same) defeats her civil theft claim. *Cf. Worldwide Aircraft Servs. Inc. v. Connecticut Gen. Life Ins. Co.*, 749 F. Supp. 3d 1204, 1208 (M.D. Fla. 2024) (suggesting that a plaintiff must "sufficiently allege[] that it sent [the defendant] the written pre-suit notice under Fla. Stat. § 772.11(1)"), *aff'd*, No. 25-10774, 2025 WL 3642361 (11th Cir. Dec. 16, 2025) (per curiam). Failing to enforce this requirement could lead overzealous litigants to federal court simply to avoid Florida's design for pre-suit negotiation and settlement. *See Pearson v. Scottsdale Ins.*, 681 F. Supp. 3d 1271, 1276 n.4 (M.D. Fla. 2023) (explaining that to prevent forum shopping, "a pre-suit notice requirement is typically 'substantive' under *Erie*").

Although at least one federal district court has reasoned that "the demand requirement in the statute is not substantive because it does not relate to the activities that give rise to the cause of action itself," *Cont'l 332 Fund,*

9

*LLC v. Albertelli*, 317 F. Supp. 3d 1124, 1145 (M.D. Fla. 2018), I disagree. That sort of distinction between procedure and substance would render all kinds of state pre-suit notice statutes and exhaustion requirements inapplicable in federal court, despite satisfying the two requirements for a state law to be considered substantive. *See Ellis v. Salt River Project Agric. Improvement & Power Dist.*, 24 F.4th 1262, 1270–71 (9th Cir. 2022) (holding that Arizona's pre-suit notice-of-claim requirement "advances the substantive state interests of allowing the public entity to investigate and assess liability, encouraging settlement prior to litigation, and assisting the public entity in financial planning and budgeting," and that declining to apply the requirement in diversity actions would "produc[e] disparate outcomes between federal and state litigants") (citation modified); *Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 786 F. App'x 457, 460 (5th Cir. 2019) ("Litigants would engage in forum shopping if federal courts and state courts applied different administrative exhaustion regimes, because some claims could proceed in one court system but not the other. . . . Thus, we treat administrative exhaustion as substantive."). As a result, the pre-suit notice for a civil theft claim applies.

Before a plaintiff sues for civil theft damages under Florida law, she "must make a written demand for $200 or the treble damage amount of the person liable for damages under this section." § 772.11(1), Fla. Stat. If the other party "complies with such demand within 30 days after receipt of the demand,

10

[she] shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand." *Id.*; *see Cont'l 332 Fund*, 317 F. Supp. 3d at 1145 (explaining that the requirement "exists to encourage negotiation and settlement prior to the commencement of litigation") (citation modified). Here, Owens "made written demand for return of the stolen property and/or payment of damages . . . sent contemporaneously with the filing of this action." Am. Compl. ¶ 71. Owens does not dispute that such notice was late.

Instead, Owens argues that Waldon's "entire course of conduct . . . demonstrates not merely an unwillingness to cure, but an active and ongoing scheme" that would have made pre-suit notice futile. Resp. at 3. Even if true, the complaint does not level that allegation, and Owens cannot assert new facts in her brief. *See Connell v. Poynter*, No. 8:19-CV-668-KKM-CPT, 2021 WL 2258405, at *10 n.8 (M.D. Fla. June 3, 2021). Additionally, I disagree with Owens that "substantial compliance" is sufficient here. *See* Resp. at 4. While some courts have excused "strict statutory compliance" where one of multiple co-defendants received actual notice of the demand before suit, *see Cont'l 332 Fund*, 317 F. Supp. 3d at 1145, Waldon received no such prior notice, *see* Am. Compl. ¶ 71. Finally, Owens does not persuade that a free floating "equity" interest demands excusing her failure. Accordingly, Owens's civil theft claim (Count II) is dismissed without prejudice.

11

That said, I see no basis to restart Section 772.11's thirty-day clock. To avoid litigating the civil theft claim, Waldon may comply with Owens's written demand for damages no later than February 27, 2026. If Waldon complies, Owens must amend her complaint to remove Count II. But if Waldon refuses the demand, Owens shall provide notice to the Court, leaving the amended complaint, (Doc. 6), as operative. In either event, Owens must amend her complaint or provide notice no later than March 4, 2026. Waldon must then answer the operative version of the complaint no later than March 18, 2026.

## IV.   CONCLUSION

Accordingly, the following is **ORDERED**:

1.   Defendant Angela Waldon's Motion to Dismiss (Doc. 12) is **GRANTED in part and DENIED in part.**

2.   No later than **March 4, 2026**, Owens may file an amended complaint that removes Count II or provide notice to the Court that Waldon refused the demand for civil theft damages.

3.   Waldon must answer the operative complaint no later than **March 18, 2026**.

**ORDERED** in Tampa, Florida, February 25, 2026.

_Kathryn Kimball Mizelle_
Kathryn Kimball Mizelle
United States District Judge

12